FILED

JUN 6 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| GERMAN TUGAS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HILL-ROM COMPANY, INC.,<br><br>Defendant. | CASE NO. 15-cv-02426-JAM-CKD<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT<br><br>DATE: January 10, 2017<br>TIME: 1:30 p.m.<br>CTRM: 6, 17th Floor<br>JUDGE: Hon. John A. Mendez<br><br>Complaint Filed: August 24, 2015 |

ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

1 | This matter came on for hearing on June 6, 2017, in Courtroom 6 of the above-captioned
2 | Court on the Motion for Order Granting Final Approval of Class Action Settlement and Entering
3 | Judgment.

Having received and considered the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Motion for Order Granting Final Approval and Entering Judgment, the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, a Notice of Class Action Settlement ("Notice") was mailed to all members of the Class via first-class U.S. on February 7, 2017. The Court finds that distribution of the Notice in the manner set forth in this Order and the Settlement Agreement constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws. The Notice set forth herein and in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto. The Notice informed the Class of the terms of the Settlement, of their right to submit a claim and receive their proportional share of the Settlement, of their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement, of their right to request exclusion from the Class and the Settlement, and of the date set for the Final Approval hearing. Adequate periods of time were provided by each of these procedures. No member(s) of the Class filed written objections to the proposed Settlement as part of this notice process or

1

Order Granting Final Approval Of Settlement
Case No. 15-cv-02426-JAM-CKD

stated an intention to appear at the final approval hearing.

2. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

3. Solely for the purpose of settlement in accordance with the Settlement Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies a Class of all persons who were employed by Defendant in the state of California as a Field Service Representative or a Field Service Technician at any time on or after August 24, 2011 to November 24, 2016.

4. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court further finds as to the Class that:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

    c. The claims of the Class Representative are typical of the claim of the Class that the Class Representative seeks to certify;

    d. The Class Representative, Plaintiff German Tugas, will fairly and adequately protect the interests of the Class and is, therefore, appointed as the representative of the Class; and

    e. Class Counsel, The Turley & Mara Law Firm, APLC, will fairly and adequately protect the interests of the Class and is qualified to represent the Class and is, therefore, appointed as attorneys for the Class for purposes of settlement; and

Certification of the Class is superior to other available methods for fair and efficient

2
Order Granting Final Approval Of Settlement
Case No. 15-cv-02426-JAM-CKD

adjudication of the controversy.

5.  The Court hereby approves the terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms.

6.  The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiations. The Court has considered the *In re Bluetooth Products Liability Litigation ("Bluetooth")* (9th Cir. 2011) 654 F.3d 935, 946, factors. The Court finds that Class Counsel is not receiving a disproportionate distribution of the settlement and, although Defendant has agreed to not object to an attorney fee request of up to 33 1/3% of the Maximum Settlement Fund, if the amount awarded is less than the amount requested by Class Counsel, the difference will become part of the Net Settlement Amount, which will be distributed proportionately to Settlement Class Members, in accordance with the terms of the Settlement Agreement.

7.  The Court finds that the Settlement is fair when compared to the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

8.  The Court finds that the Parties conducted extensive investigation and research, and that their attorneys were able to reasonably evaluate their respective positions.

9.  The Court finds that Class Counsel has extensive experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

10. The Court further finds that the Class' reaction to the settlement – zero opt-outs and no objections – weighs in favor of granting Final Approval of the Settlement.

11. The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or

3

Order Granting Final Approval Of Settlement
Case No. 15-cv-02426-JAM-CKD

wrongdoing on the part of Defendant.

12. The Court finds and determines that the Individual Settlement Payments to be paid to each Settlement Class Member (defined as Class Members who did not timely submit a request for exclusion from the Settlement) as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

13. The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $15,000 (75% of $20,000, which is allocated for payment to the LWDA, with the remaining 25% payable to Settlement Class Members) is fair and reasonable. The Court hereby gives final approval and orders the payment to the LWDA in accordance with the terms of the Settlement Agreement.

14. The Court determines by a separate order the requests by Plaintiff, the Class Representative, through Class Counsel, for the payment of the Class Representative Enhancement Payment, Class Counsel's Fees, Class Counsel's Expenses and the Settlement Administration Costs in administrating the Settlement. Any court order regarding the application for these payments shall in no way disturb or affect this Order and shall be considered separate from this Order.

15. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement.

16. The Class Representative and all Settlement Class Members who did not timely submit a request for exclusion from the Settlement are permanently barred from prosecuting against Defendant, and the Released Parties, who are defined in Paragraph 28 of the Settlement Agreement, any of the Released Claims, defined in Paragraph 27 of the Settlement Agreement.

17. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation,

4

Order Granting Final Approval Of Settlement
Case No. 15-cv-02426-JAM-CKD

| | |
|---|---|
| 1 | effectuation, and enforcement of this Order and the Settlement. |
| 2 | 18. Nothing in this Order shall preclude any action to enforce the Parties' obligations |
| 3 | pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that |
| 4 | Defendant make payments to Settlement Class Members in accordance with the Settlement. |
| 5 | 19. The Court hereby enters final judgment in this case in accordance with the terms |
| 6 | of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, |
| 7 | and this Order. |
| 8 | 20. This Order shall constitute a final judgment |
| 9 | 21. The Parties shall bear their own costs and attorneys' fees except as otherwise |
| 10 | provided by the Settlement Agreement and the Court's Order Granting Award of Attorneys' Fees, |
| 11 | Costs, Class Representative Enhancement Payment and Settlement Administration Costs. |

**IT IS SO ORDERED.**

Dated: 6-6-2017

_____
United States District Court Judge